# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JOHN W. BARRETT**                                                                    **PETITIONER**

**VS.**                                                                       **CIVIL ACTION NO. 4:04CV172LS**

**STATE OF MISSISSIPPI and JIM HOOD**                                 **RESPONDENTS**

## ORDER

This matter came before the court on the Petitioner's Motion to Preserve Evidence, by which he seeks an Order preventing the State Crime Lab from destroying any of the evidence used at his trial. The Petitioner, John Barrett, was convicted of murder in the Circuit Court of Lauderdale County, and his conviction was affirmed by the Mississippi Court of Appeals in December, 2002. A subsequent Petition for Rehearing and a Petition for Writ of Certiorari were denied, as was a later Petition for Post-Conviction Relief.[1]  Barrett has a Petition for Writ of Habeas Corpus pending in this court, and he asks this court to prohibit the Mississippi State Crime Lab from destroying "any evidence in this case."

Although there is ample law on the Due Process issues implicated by a pre-trial destruction of evidence, there is little authority on the state's duty to preserve evidence after a defendant has been convicted. Such a duty could conceivably last indefinitely, on the vague hope of a retrial after a collateral attack on a verdict. Two courts in the Eastern District of Virginia have grappled with this issue, with different results. In *Cherrix v. Braxton*, 131 F. Supp. 2d 756 (E. D. Va. 2001), the court enjoined the state from destroying a DNA sample that had been tested and introduced as

---

[1] Although not mentioned in the pleadings submitted to this court, it appears that another petition may be pending in state court, in the case styled *John W. Barrett v. State of Mississippi*, 2004-M-55.

evidence at trial, so that it could be re-tested under more modern standards. The decision extensively discusses the court's jurisdiction to enter such an Order, as well as the practical effects of doing so. In ordering the sample to be preserved and produced for testing, the court likened its decision to any other discovery order in the context of a habeas case. *Id*. at 774-75.

In contrast, in *Orbe v. True*, 201 F. Supp. 2d 671 (E.D. Va. 2002), the court declined to enter such an order. There, the prisoner had requested "all evidence, documents, and things" relating to his case. The court noted that the evidence of primary concern, a videotape, was already part of the state court record. With regard to the remainder of the request, the court held:

> What Orbe seeks, in effect, is an order enjoining any government entity in Virginia from destroying any document or other material that relates in any way to his conviction and sentencing. Such an order is so excessively broad and vague as to make it difficult, if not impossible, to ensure compliance. Moreover, in the absence of specific, substantial allegations that exculpatory evidence is being, or may be, destroyed, such a broad and vague order would place an unnecessary and impractical burden on the Commonwealth.

*Id*. at 676-77. The court is of the opinion that Barrett's request is more akin to Orbe's than Cherrix's and that the Motion should be denied.

Barrett raised no evidentiary issues on his direct appeal, so there is no basis upon which to determine that any particular piece of physical evidence should be subject to re-testing or special consideration. The evidentiary issues raised in his habeas petition, which may be, in any event, procedurally barred, relate to the statements of his alibi witnesses. Those statements should appear in the state court record. While he makes an argument on the location of his fingerprints on the car in which the victim was discovered, that argument does not refute the evidence of location, but only the inference to be drawn from that evidence. Most importantly, Barrett does not specify in any manner what physical evidence is possessed by the State Crime Lab that might exculpate him. Like

the *Orbe* court, this court is loathe to impose upon the State a mandate to preserve evidence in this matter.

That being said, however, the court notes that this matter will shortly be presented to the court for a ruling on the merits.  In this situation, where the disposition of this habeas petition will be announced in the near future, it would appear more prudent for the Respondents to insure that all evidence is preserved until a ruling is entered on this matter.  While that is the court's strong suggestion, it will decline to enter such an order at this time.

IT IS, THEREFORE, ORDERED that the Petitioner's Motion to Preserve Evidence is hereby **denied**.

IT IS SO ORDERED, this the 27th day of February, 2006.

S/James C. Sumner  
UNITED STATES MAGISTRATE JUDGE